# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JSCD 2521 FRANKFORD, LLC, JORDAN CLAFFEY, and EMILY CLAFFEY

### DEFENDANTS
BACKCOURT BUILDERS LLC D/B/A FULL COURT DEVELOP-MENT, ARON COHEN, and BRYAN COHEN

**(b)** County of Residence of First Listed Plaintiff: **Bucks**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Walter S. Zimolong III, Zimolong, LLC, 353 W. Lancaster Avenue, Suite 300, Wayne, PA 19087 (215) 665-0842

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [X] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. § 1961 et seq.

Brief description of cause:
Civil RICO

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** 500,000+
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: Aug 7, 2022
SIGNATURE OF ATTORNEY OF RECORD: *Walter Zimolong*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   */s/ Walter Zimolong* (Must sign here) _____   _____
                                      *Attorney-at-Law / Pro Se Plaintiff*                        *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify)*: _____

B. *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*: _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify)*: _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____   */s/ Walter Zimolong* (Sign here if applicable) _____   _____
                                      *Attorney-at-Law / Pro Se Plaintiff*                        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JSCD 2521 FRANKFORD, LLC, JORDAN CLAFFEY, and EMILY CLAFFEY | : : : : | No. |
| Plaintiff | : : : | |
| v. BACKCOURT BUILDERS LLC D/B/A FULL COURT DEVELOPMENT, ARON COHEN, and BRYAN COHEN Defendants | : : : : | JURY TRIAL DEMANDED |

## COMPLAINT

### Parties, jurisdiction, and venue

1. Plaintiff JSCD 2521 Frankford LLC is Pennsylvania limited liability company.

2. Plaintiff Jordan Claffey is an adult individual and is a citizen of the Commonwealth of Pennsylvania.

3. Plaintiff Emily Claffey is an adult individual and is a citizen of the Commonwealth of Pennsylvania.

4. Defendant Backcourt Builders LLC d/b/a Full Court Development ("Backcourt") is a Pennsylvania limited liability company.

5. Defendant Aron Cohen is an adult individual and citizen of the Commonwealth of Pennsylvania. Aron Cohen is a member and principal of Backcourt.

6. Defendant Bryan Cohen is an adult individual and citizen of the Commonwealth of Pennsylvania. Bryan Cohen is a member and principal of Backcourt.

1

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action arises under the laws of the United States; 28 U.S.C. § 1332, because the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000; and 18 U.S.C. § 1964(c), because Plaintiffs assert claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. This Court also has supplemental jurisdiction over Plaintiffs' state-law claims under 28 U.S.C § 1367, because those claims are substantially related to Plaintiffs' claim under federal law.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because one or more of the Defendants resides in this District and a substantial part of the events giving rise to Plaintiffs' claims occurred in this District.

## Background

9. Plaintiffs engaged defendant Backcourt to serve as a general contractor for the construction and renovation of three properties plaintiffs' owned in Philadelphia: (a) 743 S. Cleveland Street, (b) 2521 Frankford Avenue, and (c) 2166 East Susquehanna Avenue.

10. Plaintiffs executed separate written contracts with Backcourt for each project. The written contracts are attached at Exhibits 1, 2, and 3 respectively.

11. The material terms of the contracts are identical.

12. Each contract was a cost-plus contract.

13. That means that plaintiffs agreed to pay Backcourt only the actual, dollar for dollar, cost to complete the project.

14. Backcourt's compensation was a fixed fee for each contract.

15. Backcourt, however, did not invoice plaintiffs for the actual cost of the work performed on the projects.

16. Article 11 of each contract states:

"The Contractor shall keep full and detailed records and accounts related to the Cost of the Work, and exercise such controls, as may be necessary for proper financial management under this Contract and to substantiate all costs incurred. The accounting and control systems shall be satisfactory to the Owner. The Owner and Owner's auditors shall, during regular business hours and upon reasonable notice, be afforded access to, and shall be permitted to audit and copy, the Contractor's records and accounts, including complete documentation supporting accounting entries, books, job cost reports, correspondence, instructions, drawings, receipts, subcontracts, Subcontractor's proposals, Subcontractor's invoices, purchase orders, vouchers, memoranda, and other data relating to this Contract. The Contractor shall preserve these records for a period of three years after final payment, or for such longer period as may be required by law."

17. After plaintiffs removed Backcourt as the general contractor for the projects, it began auditing Backcourt's costs for the projects.

18. That audit quickly revealed that defendants engaged in a fraudulent scheme whereby they plaintiffs for phantom work, i.e. work that never was performed, for materials never ordered or delivered, and marked up or inflated prices such that Backcourt was not requesting payment for its actual costs.

19. Based on defendants' misrepresentations, plaintiffs paid Backcourt's inflated invoices.

20. In sum, Backcourt knowingly invoiced plaintiffs for work that was (a) never performed, (b) for materials it never purchased, and (b) at costs above actual costs.

21. Moreover, although defendants were required to keep detailed records to substantiate its cost, it never did.

22. To make matters worse, Backcourt left plaintiffs that were incomplete and riddled with defective and deficient work.

**FIRST CAUSE OF ACTION**
**Violation of RICO, 18 U.S.C. § 1962(c)**
**(against Defendants Aron Cohen and Bryan Cohen)**

23. Plaintiffs incorporate by reference all preceding paragraphs.

24. Each Plaintiff is a person as defined in 18 U.S.C. § 1961 (3) and 1964(c).

25. Defendant Aron Cohen is a person as defined in 18 U.S.C.§ 1961(3) and 1964(c).

26. Defendant Bryan Cohen is a person as defined in 18 U.S.C.§ 1961(3) and 1964(c).

### I. The Applicable Statutes

27. Under 18 U.S.C. § 1962(c) it shall be unlawful for "any person employed by or associated with an enterprise engaged in, or the activities of which affect, interstate or foreign commerce to conduct or participate directly or indirectly in the conduct of such enterprise's affairs for a pattern of racketeering activity or collection of unlawful debt." And, under 18 U.S.C. § 1962(d), it shall be unlawful to conspire to violate any of the RICO substantive provisions, including section 1962(c).

28. RICO, specifically 18 U.S.C. § 1964(c), creates a private right of action for any person injured in his business or property by reason of violation of § 1962 and

provides for threefold the damages sustained as a result of recovery for the cost of suit including reasonable attorney fees.

## II.   The Enterprise

29. The Enterprise is Backcourt Builders, LLC, a Pennsylvania limited liability company. It constitutes an "Enterprise" as described in 18 U.S.C. § 1961(4). Defendants Aron Cohen and Bryan Cohen control the enterprise. The Enterprise functioned for the purpose of defrauding Plaintiffs and enriching the Enterprise's members and associates through falsely claiming that invoices submitted to Plaintiffs represented the actual costs of the work, by fraudulently inflating invoices, by submitting invoices for work not performed, by invoices for materials never purchased, and by filing legal documents with the Philadelphia Court of Common Pleas that admittedly demanded amounts not owed to defendants. The purpose was to enrich defendants Aron Cohen and Bryan Cohen.

30. As the sole owners of the Backcourt, defendants Aron Cohen and Bryan Cohen conducted and participated in the operation of the Enterprise.  The Enterprise operated as an ongoing organization separate and distinct from the defendants.  The Enterprise has a structure separate and apart from the pattern of racketeering activity in which defendants engaged.

31. At all times relevant to this complaint, members and associates of the Enterprise, functioned together as a continuing unit, with a common purpose for the economic benefit and gain of the defendants Aron Cohen and Bryan Cohen. Defendants Aron Cohen and Bryan Cohen participated in the management and operation of

the Enterprise, as further described below. The Enterprise had longevity sufficient to permit defendants Aron Cohen and Bryan Cohen to pursue the Enterprise's purpose.

32. The activities of the Enterprise affected interstate commerce as it provided services to clients, who are located in other states and is a business which used goods and services which travel in interstate commerce. The Enterprise also affected interstate commerce based on defendants Aron Cohen and Bryan Cohen unlawfully obtaining, transmitting, billing and collecting monies through use of interstate wirings, in furtherance of the racketeering scheme as alleged in the complaint.

### III. The Racketeering Violation

33. From on or about May 2021 and continuing through the date of the filing of this complaint, the defendants Aron Cohen and Bryan Cohen, persons who control, are associated with, or employed by the Enterprise, did knowingly and unlawfully conduct or participate, directly or indirectly, in each Enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(1) and § 1961(5), all in violation of 18 U.S.C. § 1962(c).

34. Defendants have engaged in a pattern of racketeering activity by committing at least two acts of racketeering activity after the effective date of RICO and also within 10 years of each individual act. Defendants' actions violated the federal wire fraud statute 18 U.S.C. § 1343, a predicate act for purposes of racketeering.

### IV. Racketeering Activity

35. For at least a year, the defendants Aron Cohen and Bryan Cohen knowingly and intentionally engaged in an ongoing pattern of racketeering activity under

18 U.S. Code § 1962(c) by committing the predicate acts of wire fraud as set forth below. The fraudulent schemes involved using the interstate wires to defraud plaintiffs of thousands of dollars.

36. In furtherance of their scheme to defraud, and with the purpose of executing his scheme to defraud, defendants Aron Cohen and Bryan Cohen, made intentional misrepresentations and omissions which include, but are not limited to, the following:

   a. In November 2021, Aron Cohen and Bryan Cohen, through Backcourt, submitted an invoice to plaintiffs for work performed on the 2521 Frankford Avenue Project that requested payment for flatwork, masonry, roofing, and street work. But that work was never performed.

   b. In November 2021, Aron Cohen and Bryan Cohen, through Backcourt, submitted an invoice to plaintiffs for work performed on the 2521 Frankford Avenue Project that requested payment for plumbing and framing material and represented the amounts requested for those line items reflected the actual costs incurred by Backcourt. But the amounts requested were inflated and the actual costs to Backcourt for that work was much less.

   c. In November 2021, Aron Cohen and Bryan Cohen, through Backcourt, submitted an invoice to plaintiffs for work performed on the 743 South Cleveland project that sought payment for what they claimed was the

actual cost to complete the work on the project. But they have no records to show that these were indeed its actual costs.

    d. In February 2021, Aron Cohen and Bryan Cohen submitted an invoice to plaintiffs for work performed at 743 S. Cleveland Street. That invoiced sought payment of $15,000 for high-end appliance. But those appliance were never supplied to plaintiff let alone ordered.

    e. That same invoice contained charges for plumbing work that was never completed and windows that were missing from the project.

    f. Moreover, the invoice claimed that, among other things, the exterior siding and windows were fully installed and complete. They were not.

    g. In May 2022, Aron Cohen and Bryan Cohen, through Backcourt's attorney, filed a mechanics lien against the 743 South Cleveland Street project claim a mechanics lien $189,743.04. Defendants admit that amount is inflated but have refused to ever correct the lien.

37. In furtherance of their scheme to defraud, and with the purpose of executing his scheme to defraud, defendants Aron Cohen and Bryan Cohen, used interstate wires to defraud plaintiffs of thousands of dollars. The interstate wirings consist of emails containing invoices, and the wiring of monies in the interstate banking system between plaintiffs and defendants, all in furtherance of the scheme to defraud, and are in violation of 18 US.C. Section 1343, which is predicate activity.

38. These wirings include, but are not limited to, the following:

    a. On November 16, 2021, plaintiffs wired Backcourt $19,494.49;

b. On November 26, 2021, plaintiffs wired Backcourt $20,000;

c. On January 3, 2022, plaintiffs wired Backcourt $22,500;

d. On January 14, 2022, plaintiffs wired Backcourt $15,000;

e. On February 15, 2022, plaintiffs wired Backcourt $35,000;

f. On March 15, 2022, plaintiffs wired Backcourt $11,250;

g. On May 20, 2022, plaintiffs used the Philadelphia Court of Common Pleas electronic filing system to file a mechanics lien in the matter *Backcourt Builders, LLC v. Claffey,* No. 2205M0022;

h. On August 3, 2021, plaintiffs wired Backcourt $30,000;

i. On August 12, 2021, plaintiffs wired Backcourt $10,000;

j. On August 27, 2021, plaintiffs wired Backcourt $9,000;

k. On September 9, 2021, plaintiffs wired Backcourt $8,000;

l. On September 9, 2021, plaintiffs wired Backcourt $5,000;

m. On September 29, 2021, plaintiffs wired Backcourt $13,000;

n. On September 29, 2021, plaintiffs wired Backcourt $17,000;

o. On October 15, 2021, plaintiffs wired Backcourt $6,876.48;

p. On October 15, 2021, plaintiffs wired Backcourt $4,000;

q. On October 15, 2021, plaintiffs wired Backcourt $3,253.23;

r. On October 18, 2021, plaintiffs wired Backcourt $6,876.48;

s. On November 8, 2021, plaintiffs wired Backcourt $5,035.17;

t. On November 8, 2021, plaintiffs wired Backcourt $9,847.24;

u. On January 3, 2022, plaintiffs wired Backcourt $20,000;

    v. On February 17, 2022, plaintiffs wired Backcourt $18,000;

    w. On March 14, 2022, plaintiffs wired Backcourt $8,420.00; and

    x. On April 14, 2022, plaintiffs wired Backcourt $19,000;

    y. On May 20, 2022, defendants electronically filed a mechanics lien claim with the Philadelphia Court of Common Pleas against plaintiffs' property at 2521 Frankford Avenue which is docketed at *Backcourt Builders, LLC v. JSCD 2521 Frankford LLC*, 2205M0021.

39. Each use of wire communications in connection with the scheme to defraud constitutes the offense of wire fraud as prohibited by 18 U.S.C. § 1343.

## V.   Pattern of Racketeering Activity

40. Plaintiffs allege that the course of conduct engaged in by defendants Aron Cohen and Bryan Cohen constituted both "continuity" and "relatedness" of the racketeering activity, thereby constituting a pattern of racketeering activity, as that term is defined in 18 U.S.C. § 1961(5). Plaintiffs can show the relatedness prong because the predicate acts have the "similar purposes, results, participants, or methods of commission or are related to the affairs of the Enterprise." All predicate acts had the same purpose of defrauding Plaintiffs of millions of dollars, all for the personal enrichment of the Defendant and his associated legal entities.

41. Plaintiffs allege that the continuity of the pattern of racketeering activity constitutes closed-ended continuity as it occurred over a substantial period of time, i.e., from about May 2021 through May 2022, and continuing to the present time.

42. Plaintiffs allege that the pattern of racketeering activity is shown by the threat of continued activity as defendants Aron Cohen and Bryan Cohen have repeatedly engaged in the illegal and illicit activities. Thus, engaging in the pattern of racketeering as set forth herein is the regular way defendants Aron Cohen and Bryan Cohen conducted the affairs of the Enterprise. Because the Enterprise has been ongoing since at least 2021, and because defendants Aron Cohen and Bryan Cohen continue to fraudulently demand money from plaintiffs, the cycle of deception and fraud will continue well into the future if not stopped. Thus, defendants Aron Cohen and Bryan Cohen and their associated legal entities fraudulent activities remain a threat to others and their racketeering activity meets the open-ended continuity test.

### VI. Injury

43. As a direct and proximate result of the defendants Aron Cohen and Bryan Cohen' predicate acts in furtherance of violating 18 U.S.C. § 1962(c), plaintiffs have been and is continuing to be injured in their business or property as set forth more fully above.

### SECOND CAUSE OF ACTION
(Federal Civil RICO Conspiracy – 18 U.S.C. § 1962(d))
(Against Defendant defendants Aron Cohen and Bryan Cohen)

44. Plaintiffs repeats each of the allegations contained in Paragraphs 1 through 73 as if set forth herein at length.

### The Conspiracy Violation

45. Plaintiffs allege that commencing in 2021, and continuing until the present, defendants Aron Cohen and Bryan Cohen conspired to violate section 1962(c),

i.e., they agreed that a co-conspirator would conduct or participate in the affairs of the Enterprise through a pattern of racketeering, consisting of acts indictable under 18 U.S.C. §§ 1343, as more fully described in the First Cause of Action. Plaintiffs allege that the conspiratorial objective of that mutual agreement was intended to obtain plaintiffs' interests in business and/or property, and that such conspiratorial conduct violates RICO §1962(d).

46. RICO Conspiracy defendants Aron Cohen and Bryan Cohen intended to further the schemes to defraud, which as described in the First Cause of Action were completed and satisfied by at defendants Aron Cohen and Bryan Cohen. As demonstrated in detail above, the defendants Aron Cohen and Bryan Cohen has engaged in numerous predicate racketeering acts in furtherance of the conspiracy including systemic fraudulent practices designed to defraud Plaintiff of money and other property interests.

47. The nature of the above described acts, material misrepresentations, and omissions in furtherance of the conspiracy give rise to an inference that defendants Aron Cohen and Bryan Cohen not only agreed to the objective of an 18 U.S.C. §1962(d) violation of RICO by conspiring to violate 18 U.S.C. § 1962(c), but was aware that his ongoing fraudulent acts have been and are part of an overall pattern of racketeering activity.

### THIRD CAUSE OF ACTION
### Breach of Contract
### (Plaintiffs v. Backcourt)

48. Plaintiffs incorporate the previous paragraphs by reference.

49. Defendants had both an express and implied duty under the contracts to perform their work in a good and workmanlike manner.

50. Defendants further had a duty to complete the projects by a certain date.

51. Defendants breached these duties in two ways.

52. First, defendants performed work on the projects that was less than workmanlike and needed to be corrected.

53. Second, defendants failed to complete the work by the agreed upon substantial completion date.

54. Plaintiffs have been forced to spend thousands of dollars to correct defendants shoddy work.

55. Plaintiffs are also entitled to liquidated damages for defendants failure to complete the projects by the substantial completion date.

### FOURTH CAUSE OF ACTION
### Slander of Title
### (Plaintiffs v. Backcourt, Aron Cohen, and Bryan Cohen)

56. Plaintiffs incorporate the previous paragraphs by reference.

57. Defendants falsely and maliciously represented the quality of title to 743 South Cleveland Street by filing a mechanics lien for a grossly inflated amount and then refusing to correct it.

58. Defendants filed a mechanics lien against plaintiffs' title to 743 South Cleveland Street.

59. That mechanics lien alleged that an amount due of $189,743.04.

60. However, defendants, through counsel, admitted that the amount claimed was wrong and that at best defendants' lien should have been for $84,542.63.

61. Defendants intent in filing that lien was to hold up plaintiffs sale of 743 Cleveland Street and to force plaintiffs to pay the amount claimed rather than risk default.

62. Plaintiffs have suffered and will suffer pecuniary loss.

63. Defendants know that their mechanics lien amount is false and counsel for plaintiffs has admitted it.

### SIXTH CAUSE OF ACTION
### Fraud

64. Plaintiffs incorporate the previous paragraph by reference.

65. As set forth in this complaint above, defendants made numerous misrepresentations of fact to plaintiffs, including, without limitation, that work had been completed, that materials and been purchased and provided, and that defendants were invoicing plaintiffs only for the actual cost of the work.

66. Defendants made these misrepresentations knowingly and with the adequate scienter.

67. Defendants intended that plaintiffs would rely on the misrepresentations so that plaintiffs would make payment to defendants.

68. Plaintiffs justifiably relief on the misrepresentations.

69. Plaintiffs have suffered damages proximately related to the misrepresentations.

### Demand for Relief

WHEREFORE, plaintiffs, JSC Real Estate LLC, Jordan Claffey, Emily Claffey, demand judgment in their favor and against defendants awarding them the following relief:

a. compensatory and consequential damages,

b. liquidated damages,

c. trebel damages and attorneys fees against defendant Aron Cohen and Bryan Cohen under 18 U.S.C. § 1964(c),

d. punitive damages,

e. attorneys fees,

f. costs, and

g. any other appropriate relief.

Respectfully submitted,

Dated:  August 7, 2022

*/s/ Walter S. Zimolong*
WALTER S. ZIMOLONG III, ESQUIRE
JAMES J. FITZPATRICK III, ESQUIRE
Zimolong, LLC
Attorney I.D. 89151
wally@zimolonglaw.com
PO Box 552
Villanova, PA 19085-0552
Tele: 215-665-0842